UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:12-CR-239 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| STEVEN JONES (7) | ) | |
| | ) | |

## I. INTRODUCTION

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss the Indictment (Doc. No. 502), the United States' Memorandum in Opposition (Doc. No. 522), and Defendant's Reply (Doc. No. 524). For the reasons stated below, Defendant's Motion is **DENIED**.

## II. BACKGROUND

On July 26, 2012, a Grand Jury charged Defendant Steven Jones and a number of co-conspirators in a seventy-five page Bill of Indictment. Defendant Jones was charged with one count of securities fraud in violation of 15 U.S.C. § 78j(b) and 78ff (Count Two), one count of wire fraud scheme to defraud investors in violation of 18 U.S.C. § 1343 (Count Four), and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count Five).

On April 18, 2013, the Grand Jury returned a Superseding Indictment, charging Defendant Jones with one count of racketeering conspiracy in violation of Title 18 U.S.C. § 1962(d) (Count One) in addition to Counts Two, Four, and Five. The Superseding Indictment, now eighty-four pages long, describes the nature of an alleged $75 million RICO Enterprise that operated from 2005 until 2012. Included in the Indictment are numerous examples of securities fraud, bank fraud, mortgage fraud, and money laundering. The Superseding Indictment specifically identifies Jones as a promoter for the Enterprise's investment fraud operations and

1

offers an example of his alleged fraudulent conduct, which included inducing a victim to invest millions of dollars in a fraudulent account, promising outrageous returns, misappropriating the money from the account, and fraudulently misrepresenting the amount of money in the account.

### III. DISCUSSION

In his Motion to Dismiss, Defendant argues (1) that the Government has failed to adequately allege a single racketeering enterprise or conspiracy in Count One; (2) that Count One is unconstitutionally vague and overbroad; (3) that Counts Two and Four are unconstitutionally vague and overbroad; (4) that Counts Two and Four are duplicitous; (5) that Count Five violates the *Ex Post Facto* Clause; (6) that Count Five is unconstitutionally vague and overbroad; (7) that the money laundering offense in Count Five merges with the securities and wire fraud counts; and (8) that Count Five is duplicitous. The Court addresses each of the arguments in turn.

#### A. Count One

Defendant asserts that Count One, which alleges a racketeering conspiracy, fails to adequately allege a single and continuous enterprise that was involved in a pattern of racketeering activity, or that Defendant was implicated in such a pattern of racketeering activity.

As a preliminary matter, the Supreme Court has held that an indictment is sufficient if it "contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet." *Russel v. United States*, 369 U.S. 749, 763-64 (1962) (internal quotations omitted). Thus, the indictment must "set forth the essential elements of the offense." *United States v. Izuogu*, No. 90-5778, 1991 WL 21653, at *3 (4th Cir. 1991). On a motion to dismiss the indictment, the Court is not to weigh the sufficiency of the evidence. *See United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006). Rather, the question before the

Court is "solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *Id.*

The elements of a criminal conspiracy violation under 18 U.S.C. § 1962(d) are (1) the existence of an enterprise; (2) that the enterprise was engaged in or its activities affected interstate commerce; and (3) that each defendant knowingly agreed that a conspirator would commit a violation of 18 U.S.C. § 1962(c). *See United States v. Salinas*, 522 U.S. 52, 62-65 (1997). The elements of a substantive RICO offense under U.S.C. § 1962(c) are "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." *Id.* at 62. A "pattern of racketeering activity" requires at least two acts of racketeering activity. *See id.* However, the defendant need not himself commit or agree to commit the predicate acts—rather, he need only agree to advance a RICO undertaking. *See id.* at 65 ("A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor.").

The Indictment alleges at least that much. Sections One and Two of the Indictment lay out the general function and purpose of the alleged Enterprise. Section Three identifies the roles of particular members of the alleged enterprise, including this Defendant. Section Five details the specific objectives of the Enterprise. Count One specifically alleges that those named, including Defendant Jones:

> knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly or indirectly, in the conduct of the affairs of the Enterprise, through a pattern of racketeering activity . . . .

(Doc. No. 158 ¶ 394). It continues: "It was part of the conspiracy that the defendants agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise." (*Id.* ¶ 395). In support, the Indictment alleges specific actions undertaken in

3

furtherance of the conspiracy in Section Six, one of which directly implicates Defendant Jones. (*Id.* ¶¶ 192-96). Therein, the Indictment specifically alleges that Defendant Jones, along with others, fraudulently caused an investor to invest $3.7 million in a sham corporation by promising him a return of $21.7 million within a week. Jones promised the investor that the funds would be held in a separate account, but in truth, the funds were wired to various accounts used by the Enterprise for different purposes, such as making Ponzi payments to other investors. Jones allegedly continued to make fraudulent misrepresentations to the investor, including providing him with a false proof of funds letter indicating that there were millions of dollars in his account.

These allegations, if true, would implicate the Defendant in a number of acts of securities fraud, wire fraud, and money laundering completed cooperatively with other defendants and with other accounts used and operated by the Enterprise. This is sufficient to adequately allege a criminal conspiracy violation under 18 U.S.C. § 1962(d).

Defendant argues that even if the Indictment implicates him in one discreet transaction, this is not sufficient to allege his involvement in a "pattern of racketeering activity." But Count One of the Indictment alleges precisely that. (*See id.* ¶ 394 (noting that Defendant "knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c) . . . [by agreeing to] participate, directly or indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity.")). Moreover, the allegations of specific conduct implicating Defendant create a reasonable inference, if true, that Defendant knew there was a conspiracy, knew its general manner of operating, and knew that it extended beyond his individual role. Thus, Count One of the Indictment is sufficiently pled, sufficiently alleges a pattern of racketeering activity, and sufficiently alleges Defendant Jones' involvement in a pattern of racketeering activity.

Defendant also argues that Count One is unconstitutionally vague and overbroad in

violation of the Sixth Amendment because it does not give him adequate notice of the charges against him such that he can prepare a defense. Rule 7 of the Federal Rules of Criminal Procedure requires "a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). Largely for the reasons already stated, the Court finds that Count One complies with Rule 7 and is not vague or overbroad. The Indictment pleads the essential elements of Count One with sufficient specificity and includes examples of overt acts, at least some of which implicate Defendant Jones. This is sufficient to meet the requirements of the Sixth Amendment and Rule 7.

### B. Counts Two and Four

Defendant argues that Counts Two and Four are unconstitutionally vague and overbroad, that they fail to recite the essential elements, and that they are duplicitous.

Count Two alleges a violation of 15 U.S.C. § 78j(b) and 78ff, commonly known as securities fraud. The essential elements of such a charge are

> (1) in connection with the purchase of the sale of stock, the defendant did any of the following: (a) employed a device, scheme, or artifice to defraud, or (b) made an untrue statement of material fact, or (c) engaged in an act, practice, or course of business that operated as a fraud or deceit upon a purchaser or seller; and (2) the defendant acted willfully, knowingly, and with the intent to defraud; and (3) the defendant knowingly used interstate commerce in furtherance of the fraudulent scheme.

*United States v. Ferguson*, 478 F. Supp. 2d 220, 233 (D. Conn. 2007) (quoting Modern Federal Jury Instructions-Criminal, Securities Exchange Act Fraud (2005)).

At Count Two, the Indictment clearly and plainly charges Defendant Jones with a violation of 15 U.S.C. § 78j(b) and 78ff, and recites the elements of the offense, much as it does in Count One. (*See* Doc. No. 158 ¶¶ 396-97). It does so after describing numerous fraudulent activities undertaken in furtherance of the conspiracy, as well as some fraudulent activities

undertaken specifically by Defendant Jones. The charging language specifically references some of the corporations used to commit the alleged acts of securities fraud. Again, this is at least enough to put the Defendant on notice of the charges against him and is sufficient for the purposes of Rule 7 and the Sixth Amendment.

Count Four of the Indictment alleges a violation of 18 U.S.C. § 1343, commonly known as wire fraud. The essential elements of wire fraud are: (1) the defendants devised or intended to devise a scheme to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises that were material; and (2) for the purpose of executing the scheme, the defendants transmitted or caused to be transmitted by means of wire in interstate or foreign commerce any writings, signs, signals, pictures, or sounds. *United States v. Harvey*, 532 F.3d 326 (4th Cir. 2008).

At Count Four, the Indictment clearly and plainly charges Defendant Jones with a violation of 18 U.S.C. § 1343 and recites the elements of the offense, much as it does in Counts One and Two. (*See* Doc. No. 158 ¶¶ 400-01). It does so after listing numerous examples of wire fraud in Section VI, some of which involve Defendant Jones. This is sufficient to put the Defendant on notice of the charges against him and satisfies the requirements of Rule 7 and the Sixth Amendment.

Defendant also argues that Counts Two and Four are duplicitous because "multiple offenses of securities fraud and multiple offenses of wire fraud, as well as, multiple other distinct offenses have been incorporated into both Counts Two and Four." (Doc. No. 502 at 13). Duplicity is "the joining in a single count of two or more distinct and separate offenses." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) and is generally not permitted. However, separate acts that could be charged as separate counts may be charged as a single count if those

acts were part of a single, continuing scheme. If the indictment alleges a continuing course of conduct during a discrete period of time, it is not prejudicially duplicitous. *See United States v. Kamalu*, 298 F. App'x 251, 254 (4th Cir. 2008). Here, the Indictment clearly alleges a continuing course of conduct during a discrete period of time. While the Indictment does list numerous examples of securities and wire fraud in support of the allegations therein, this does not immediately invite the conclusion that these transactions were distinct and not part of the larger scheme specifically alleged in Counts Two and Four. As such, the Court finds that Counts Two and Four allege a continuing course of conduct and are not duplicitous.

### C. Count Five

Defendant argues that Count Five is unconstitutionally vague and overbroad, improperly merges the money laundering offense with the specified unlawful activity required to support the charge, violates the *Ex Post Facto* Clause, and is duplicitous.

The essential elements of a charge of money laundering conspiracy in violation of 18 U.S.C. § 1956(h), as alleged in Count Five, are "(1) the existence of an agreement between two or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C. § 1956(a) or § 1957; (2) that the defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy." *United States v. Green*, 599 F.3d 360, 371 (4th Cir. 2010). Count Five of the Indictment specifically alleges that Defendant and others

> did knowingly combine, conspire, confederate, and agree with each other and others . . . to commit offenses against the United States . . . which involved the proceeds of a specified unlawful activity, with the intent . . . to conceal and disguise in whole or in part the nature, location, source, ownership, and control of the proceeds . . . .

(Doc. No. 158 ¶¶ 402-03). Moreover, the specific conduct mentioned in Section Six alleges that

7

Defendant agreed to participate in, and participated in, money laundering transactions with other members of the conspiracy, and that he knew that the funds involved had been obtained through fraud. This is sufficient to adequately allege a charge of money laundering conspiracy, and is sufficient to put the Defendant on notice of the charges against him. For largely the same reasons discussed with Counts One, Two, and Four, the Court finds that Count Five is not unconstitutionally vague or overbroad and that it meets the requirements of Rule 7.

Defendant also argues that the money laundering offense in Count Five merges with the securities and wire fraud allegations in Counts Two and Four, and also that Count Five violates the *Ex Post Facto* Clause. The Government responds that these contentions fail (1) because Defendant Jones is not alleged to have joined the conspiracy until fall of 2009—after the enactment of the Fraud Enforcement Recovery Act, to which he cites—and (2) because both of these issues go to the sufficiency of the evidence to be presented at trial, not to the sufficiency of the pleading. The Court agrees. Whether the Government's evidence sufficiently establishes a money laundering violation in light of *Santos* and its progeny will be tested at trial. All that is required of the Indictment at this early stage is that it provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). The Court finds that the Indictment meets this requirement.

Defendant also alleges that Count Five is duplicitous because it is pled as a multi-object conspiracy. The Court notes that it has previously found that Count Five is not duplicitous. (*See* Doc. No. 436 at 6). But for good measure, the Court will reiterate that Count Five alleges a continuing course of conduct. The Indictment alleges that Defendant agreed to participate in money laundering transactions that were part of one larger scheme. While the Indictment does list numerous examples of money laundering in support of the allegations therein, this does not

immediately invite the conclusion that these transactions were distinct and not part of the larger scheme specifically alleged in Count Five. Because Count Five of the Indictment alleges a continuing course of conduct, it is not duplicitous.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Indictment (Doc. No. 502) is **DENIED**.

**SO ORDERED.**

Signed: April 9, 2014

Graham C. Mullen
United States District Judge